# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

[11] RAUL A. MURIEL-MORALES,

Defendant.

CRIMINAL NO.  00-333 (ADC)(HRV)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### *Introduction*

Pending before the Court is *pro se* defendant Raul A. Muriel-Morales' ("Mr. Muriel-Morales") motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 1331).  Defendant's compassionate release motion argues that his sentence was erroneously enhanced when the Court applied the murder cross-reference found at U.S.S.G. § 2A1.1.  Mr. Muriel-Morales moves the Court to modify said sentence to time-served. (*Id.*)  The United States opposed defendant's motion arguing that the motion should be denied because (1) Mr. Muriel-Morales failed to exhaust administrative remedies; (2) has failed to establish extraordinary and compelling reasons; and (3) the 18 U.S.C. § 3553(a) factors counsel against granting the requested reduction (Docket No. 1391).  The matter has been referred to me for report and recommendation.  (Docket No. 1412).  For the following reasons, I recommend that the compassionate release motion be DENIED as moot.

1

*Background*

On June 25, 2001, Mr. Muriel-Morales accepted responsibility for his participation in a conspiracy to possess with intent to distribute 50 grams or more of cocaine base and five (5) kilograms or more of cocaine, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Docket No. 294). On November 28, 2001, the Court sentenced him to a term of imprisonment of 360 months and a supervised release term of 10 years. (Docket Nos. 505, 506). At the time of sentence, the Court found that during the span of the conspiracy, victims were killed under circumstances that would constitute murder. Accordingly, the Court applied the murder cross-reference (U.S.S.G. § 2A1.1) which establishes a base offense level of 43. (Docket No. 575 at 14). The Court subtracted three levels for acceptance of responsibility under U.S.S.G. § 3E1.1. (*Id.*) The total offense level was determined to be 40. (*Id.*) Mr. Muriel-Morales was placed in a Criminal History Category ("CHC") of III. (*Id.*) A total offense level of 40 and a CHC of III yielded a guideline imprisonment range of 360 months to life. (*Id.* at 14-15). The 360-month sentence was, thus, at the lower end of the imprisonment range. The First Circuit affirmed both the conviction and the sentence of the defendant. (Docket No. 826).

Mr. Muriel-Morales filed his motion for compassionate release on January 31, 2022. (Docket No. 1331). The government originally opposed the motion on July 8, 2022. (Docket No. 1364). However, the government erroneously construed the defendant's motion as one under section 404 of the First Step Act of 2018. On October 18, 2022, the Court denied Mr. Muriel-Morales' motion (Docket No. 1371) and he appealed. (Docket No. 1375). On appeal, the government conceded error and moved for remand. The First Circuit vacated the order at Docket No. 1371 and remanded for further proceedings.

2

(Docket No. 1387). On August 28, 2023, the government filed its response in opposition to the defendant's compassionate release motion. (Docket No. 1391).

Subsequently, Mr. Muriel-Morales moved the Court for a reduction of his sentence pursuant to retroactive Amendment 821. (Docket Nos. 1394, 1396). On February 29, 2024, the Court adopted the stipulation of the parties (Docket No. 148), and reduced defendant's sentence to 324 months of imprisonment. (Docket No. 1415).

According to BOP records, Mr. Muriel-Morales was released from prison on March 7, 2024. *See* https://www.bop.gov/inmateloc (last visited Mar. 11, 2024).

***Applicable Law and Discussion***

The so-called compassionate release statute allows a court acting on a defendant-filed motion—as long as such reduction is consistent "with applicable policy statements issued by the Sentencing Commission"—to

> reduce the term of imprisonment (and... impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . .

18 U.S.C. § 3582(c)(1)(A)(i). This statute is one of the very few exceptions to the rule that once imposed, a term of imprisonment shall not be modified. *United States v. Saccoccia*, 10 F.4th 1, 3 (1st Cir. 2021).

To grant a compassionate release motion, the court must find that a defendant has established three things: (1) that extraordinary and compelling reasons warrant a sentence reduction; (2) that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) that relief is appropriate under

3

the circumstances of the case after considering the applicable 18 U.S.C. § 3553(a) factors. *See United States v. Quiros-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Whether the reasons advanced by the defendant are extraordinary and compelling is "guided by the plain meaning of those terms." *United States v. Canales-Ramos*, 19 F.4th 561, 566 (1st Cir. 2021).[1]

On the other hand, "Article III [of the United States Constitution] prohibits federal courts from deciding 'moot' cases or controversies—that is, those in which the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Union de Empleados de Muelles de Puerto Rico, Inc. v. Int'l Longshoremen's Ass'n*, 884 F.3d 48, 57 (1st Cir. 2018) (quoting *United States v. Reid*, 369 F.3d 619, 624 (1st Cir. 2004) (citation omitted)). To be sure, some courts have held that a defendant's release from prison does not "automatically mean" a motion for compassionate release is moot if he is still subject to supervised release. The motion becomes moot, however, if the defendant "neither request[s] that the district court reduce his term of supervision

---

[1] The government has argued failure to exhaust administrative remedies. (Docket No. 1391 at 6-8). Prior to entertaining a defendant-filed motion for compassionate release, the Court must be satisfied that the defendant fully exhausted administrative remedies, or that 30 days elapsed without the director of the Bureau of Prisons having brought such a motion on the defendant's behalf despite a request to the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Texeira-Nieves*, 23 F. 4th 48, 52-53 (1st Cir. 2022). I need not decide this issue because, as discussed below, the motion for compassionate release is moot. Furthermore, even if remedies had been fully exhausted, and the motion was not moot, on the merits, it is doubtful that the defendant would have been able to meet his burden of establishing extraordinary and compelling reasons. His argument, as framed, that the sentencing judge erroneously applied the murder cross-reference is not cognizable in the context of compassionate release. This is so because it has been held that section 3582(c)(1)(A) "naturally precludes classic post-conviction arguments" asking district courts to "recognize and correct what the defendant says is an illegal conviction or sentence." *Trenkler*, 47 F.4th 42, 48 (1st Cir. 2022)(citing *United States v. Ruvalcaba*, 26 F.4th 14, 26 (1st Cir. 2022)).

4

nor advance[s] any argument that such a reduction is warranted." *United States v. McPherson*, No. 13 Cr. 362 (JPC), 2023 WL 8355358; 2023 U.S. Dist. LEXIS 214281, at *7-8 (S.D.N.Y., Dec. 1, 2023)(*quoting United States v. Chesnut*, 989 F.3d 222, 223 (2d Cir. 2021)).[2]

Mr. Muriel-Morales's motion for compassionate release only requested a reduction of the imprisonment portion of his sentence to time-served. That relief was accomplished by the Court's granting of the Amendment 821 motion. (Docket No. 1415). Therefore, the motion for compassionate release has become moot for there is no further relief that the Court can provide at this time. *See United States v. Duran*, No. 09-cr-00339-JLT, 2023 WL 4209626, 2023 U.S. Dist. LEXIS 110719 (E.D. Cal. Jun. 27, 2023)(citing *United States v. Sanchez*, No. 16-CR-2077-BEN, 2021 U.S. Dist. LEXIS 242349, 2021 WL 5999764, at *1 (S.D. Cal. Dec. 17, 2021)).

In view of the above, I recommend that the motion for compassionate release at Docket No. 1331 be DENIED as moot.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22,

---

[2] Mr. Muriel-Morales' compassionate release motion does not request a reduction of the term of supervised release nor puts the Court in a position to determine whether such reduction would be warranted.

30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico this 11th day of March, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE
